United States District Court
Southern District of Texas
**ENTERED**
March 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| DAVID ABISAI REYES-MEDRANO, Plaintiff, | § § § § | |
| vs. | § § | CIV. NO. 7:25-cv-00363 |
| INVESTIGATOR LOPEZ, CITY OF EDINBURG, JORGE MORENO, SERGEANT RODRIGUEZ, DANIEL PENA, ORLANDO GARCIA, GUSTAVO VILLEGAS, ANGELA VILLADARES, PABLO JUAREZ, DOCTORS HOSPITAL AT RENAISSANCE, LTD. Defendants. | § § § § § § § § § § § | |

**MEMORANDUM AND RECOMMENDATION**

Plaintiff, David Abisai Reyes-Medrano, proceeding *pro se*, initiated this action by filing Plaintiff's Original Complaint for violation of Civil Rights and Disability Discrimination ("Complaint") on July 22, 2025, against Defendants Investigator Lopez and the City of Edinburg. (*See* Dkt. No. 2). On August 12, 2025, Plaintiff filed an addendum/amendment to the Complaint, adding the following as defendants: Detective Orlando Garcia, Dr. Gustavo Villegas, M.D., Angela Valladares, Juarez Pablo, Officer Daniel Pena, and Doctors Hospital at Renaissance, Ltd. (*See* Dkt. No. 6). Plaintiff alleges various infractions under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (RA), and Texas state law. (Dkt. No. 2 at 3; Dkt. No. 6-1 at 3). This case was subsequently referred to the undersigned magistrate judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b) and LR 72.

1

After careful review of the record and relevant law, the undersigned recommends Plaintiff's Complaint be **DISMISSED** as outlined within this Memorandum. It is further recommended that the Motion for Criminal Investigation (Dkt. No. 7), Motion for Service of Process (Dkt. No. 20), Motion for ADA Accommodation (Dkt. No. 21), Motion for Liberal Construction of the Filings (Dkt. No. 22), Motion for Special Appearance and Process Under an Alias (Dkt. No. 23), Motion to Compel Discovery (Dkt. No. 24), Motion for Subpoena Duces Tecum (Dkt. No. 25), and Motion to Consolidate Cases (Dkt. No. 26), all be **DENIED as moot**.

## I.    BACKGROUND

### A.    Plaintiff's Original Complaint

Plaintiff filed his Original Complaint on July 22, 2025.[1] (*See* Dkt. No. 2). Plaintiff claims that, on or about May 17, 2023, he was "placed under police custody" for investigation purposes. (*Id.* at 3). Plaintiff alleges Defendant Investigator Lopez was assigned to Plaintiff's case, and despite Plaintiff being the victim, Defendant Lopez "refused to take his affidavit, failed to collect witness statements, and ignored key facts that would support criminal charges." (*Id.*). Plaintiff claims he is a legally blind individual with medical needs, and that Defendant Lopez failed to accommodate his needs while in custody. (*Id.*). Plaintiff asserts he was jailed overnight at the Hidalgo County Jail without cause. (*Id.*). While an internal affairs complaint was allegedly filed with Detective Orlando Garcia, Plaintiff never received a case number or follow-up, delaying any probable investigation. (*Id.*). Plaintiff claims this "failure to investigate and advocate on behalf of a disabled citizen directly contributed to delays in justice, harm to Plaintiff's mental and physical

---

[1] Petitioner's *pro se* petition is entitled to a more liberal construction than those drafted by practicing attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) ("It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a [filing]."). Thus, the Court reviews Plaintiff's filings in a more forgiving light.

health, and obstruction of Plaintiff's rights under state and federal law." (*Id.*). Plaintiff further claims the City of Edinburg, through its agents and departments, failed to provide reasonable disability accommodations under the ADA, failed to properly document or follow up on the incident, and failed to investigate or protect Plaintiff's civil and human rights as a victim of prior offenses. (Dkt. No. 2-1 at 2). This has caused Plaintiff physical distress, vision-related worsening, emotional trauma, fear of retaliation, anxiety, delayed access to justice in related investigations, and financial hardship and prolonged suffering. (*Id.*). Thus, Plaintiff seeks damages in the amount of $15,000,000.00. (*Id.*).

## B.    Plaintiff's Amended Complaint

On August 12, 2025, Plaintiff filed Addendum to Complaint. (*See* Dkt. No. 6). Therein, Plaintiff reiterates that while in custody on May 17, 2023, Defendant Lopez failed to take Plaintiff's affidavit, ignored witness statements, and neglected Plaintiff's medical needs. (Dkt. No. 6-1 at 2). Plaintiff then adds that on May 27, 2023, Sergeant Moreno used excessive force "despite warnings about a known medical condition, causing permanent vision damages." (*Id.*). Plaintiff claims that, on multiple occasions, Sergeant Rodriguez and Officer Pena failed to respond appropriately to complaints, mishandled or omitted police reports, and denied Plaintiff's right to service. (*Id.*).

Then, between 2021 and 2023, Plaintiff alleges that Dr. Villegas fraudulently billed Plaintiff's insurance for medical services without resolution, harassed Plaintiff, and ignored his medical needs. (Dkt. No. 6-1 at 2). Plaintiff claims Angela Valladares refused to allow appointments, Juarez Pablo reported false statements to police which caused wrongful police action against Plaintiff, and both the City of Edinburg and Doctors Hospital at Renaissance "tolerated, covered up, and failed to discipline these actions, constituting a policy/custom under

3

Monell." (*Id.* at 2-3). Plaintiff seeks economic damages for fraudulent billing, medical costs, and lost income, non-economic damages for pain, suffering, emotional distress, and permanent disability aggravation, and punitive damages for malicious and reckless disregard of rights. (*Id.* at 3). Thus, Plaintiff seeks damages in the amount of $50,000,000.00, along with injunctive relief requiring policy reforms, training, and accommodations and a criminal referral for white collar crime, obstruction, and fraud. (*Id.*).

### C.    Hearing and Subsequent Filings

The Court held a status conference on September 26, 2025, discussing the status of the case and advising Plaintiff that an amended complaint would be due by October 27, 2025. (*See* Dkt. Entry, Dated September 26, 2025; *see also* Dkt. No. 17).[2]  Plaintiff failed to file an amended complaint within the designated window.  Thus, the Court held a second status conference on December 5, 2025, providing Plaintiff with an additional extension to file an amended complaint by December 12, 2025. (*See* Dkt. Entry, Dated December 5, 2025).

Plaintiff filed First Amended Complaint [sic] on December 9, 2025.[3]  (*See* Dkt. No. 19). Therein, Plaintiff specifies his claims. On May 17, 2023, Plaintiff claims he was detained by Edinburg Police while attempting to report an assault in which he was the victim, and Defendant Lopez failed to record an affidavit, ignored evidence and witness accounts, and refused to accommodate Plaintiff's visual disability. (*Id.* at 3).  Plaintiff asserts Sergeant Moreno used

---

[2] Said order mooted the motion to file amended complaint filed on August 12, 2025. (*See* Dkt. No. 6).

[3] Plaintiff's First Amended Complaint is the current live pleading and does not incorporate by reference any of the prior filings. (*See* Dkt. No. 19); *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). As such, the Original Complaint (Dkt. No. 2) and subsequently filed addendum (Dkt. No. 6) are of no legal effect. However, in an abundance of caution, and affording Plaintiff the benefit of liberal construction, the Court has reviewed the legitimacy of all pleadings filed by Plaintiff. *See Haines*, 404 U.S. at 520; *see also Hernandez*, 630 F.3d at 426-27.

excessive force during a separate incident on May 27, 2023, which aggravated Plaintiff's visual impairment. (*Id.*). Sergeant Rodriguez and Officer Pena neglected to file reports and denied Plaintiff services despite repeated requests, and Detective Garcia failed to properly investigate Internal Affairs complaints, contributing to the obstruction of justice. (*Id.*). Plaintiff suggests Dr. Villegas engaged in fraudulent billing and failed to provide adequate care over multiple years, Angela Valladares obstructed access to medical records and care, Juarez Pablo filed a false police report against Plaintiff, and that the City of Edinburg and Doctors Hospital at Renaissance failed to correct or supervise these acts, which fostered a pattern of abuse. (*Id.*).

Plaintiff additionally filed a slew of motions with the Court on the same day. Plaintiff filed Motion for Service of Process by the United States Marshal (Dkt. No. 20), Motion for ADA Reasonable Accommodation and for Procedural Safeguards for Disabled Pro Se Litigant (Dkt. No. 21), Plaintiff's Motion for Liberal Construction of Pro Se Filings (Dkt. No. 22), Motion for Special Appearance to Challenge Jurisdiction and to Proceed Under the Alias "Don Doe" (Dkt. No. 23), Plaintiff's Motion to Compel Discovery (Dkt. No. 24), Motion for Subpeona [sic] Duces Tecum (Dkt. No. 25), and Plaintiff's Motion to Consolidate Cases Pursuant to Rule 42(a) (Dkt. No. 26).

## II.  **APPLICABLE LAW/ANALYSIS**

### A.  **Legal Standard**

#### 1.  28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915A(b)(1), the Court must screen any complaint proceeding in forma pauperis seeking relief against "a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted." *Pacheco-Morales v. Belt*, SA-23-CV-00417-JKP, 2023 WL 9105552, at *3 (W.D. Tex. Aug. 3, 2023); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case filed IFP

where it is determined the action is frivolous, malicious, or fails to state a claim on which relief may be granted.).

An action is considered frivolous where "there is no arguable legal or factual basis for the claim." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). An action may be considered factually frivolous "where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (citing *Neitzke*, 490 U.S. at 327-28).

Analysis of claims under § 1915A(b)(1) and § 1915(e)(2)(B) directs the court to apply the standards governing dismissal under Rule 12(b)(6). *Pacheco-Morales*, 2023 WL 9105552, at *3 (citing *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law[,]'" and also "if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Neitzke*, 490 U.S. at 326; *Iqbal*, 556 U.S. at 678). This plausibility standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a

cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense[,]" to reasonably infer that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2) (alteration in original)).

2.        42 U.S.C. § 1983

Section 1983 creates a private right of action for the deprivation of certain rights. 42 U.S.C. § 1983. To state a cause of action under § 1983, Plaintiff must (1) allege the Defendants violated "a right secured by the Constitution and laws of the United States" and (2) show "a person acting under color of state law" committed the violation. *Perdomo v. City of League City*, 765 F.Supp.3d 613, 620 (S.D. Tex. 2025) (citing *Petersen v. Johnson*, 57 F.4th 225, 231 (5th Cir. 2023)).

However, in the context of § 1915A(b)(1) and § 1915(e)(2)(B), and, thus, Rule 12(b)(6), the Court must determine whether the facts, taken as true, would overcome the defense of qualified immunity. *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). Qualified immunity "shields officers from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021)). Thus, to overcome qualified immunity, Plaintiff must show (1) whether the facts alleged, taken as true, show a constitutional violation; and (2) whether the right was clearly established in light of existing precedent. *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015).

7

For a law to be clearly established, Plaintiff "must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Perdomo*, 765 F.Supp.3d at 620 (quoting *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013)). Simply put, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *City of Tahlequah*, 595 U.S. at 12).

### 3.    *Monell* Municipal Liability

First, a municipality may not be held liable under 42 U.S.C. § 1983 under a theory of *respondeat superior*. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Rather, municipalities may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity, inflicts the injury…" *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). For Plaintiff to prove the municipality should be liable, he must show: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom). *Id.* (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Such an official policy may be "(1) a policy statement, ordinance, or regulation, or (2) 'a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Holley v. Blomberg*, 142 F.Supp.3d 517, 523 (S.D. Tex. 2015) (citing *Piotrowski*, 237 F.3d at 579). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must

contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

### 4.   Title II of the Americans with Disabilities Act

To make out a valid claim under Title II of the ADA, Plaintiff must show (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from participation or denied meaningful access to services, programs, and activities, or that he was otherwise discriminated against by Defendants; and (3) such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lathan v. Stevens*, No. 2:16-cv-147, 2017 WL 7037704, at *3 (S.D. Tex. Oct. 20, 2017) (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)), *report and recommendation adopted*, 2018 WL 497125 (S.D. Tex. Jan. 19, 2018).

For a failure-to-accommodate claim specifically, Plaintiff must show "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *K.R. ex rel. Shannon v. Cedar Hill Indep. Sch. Dist.*, No. 3:25-cv-489-BN, 2025 WL 3265486, at *5 (N.D. Tex. Nov. 22, 2025) (citing *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020)).

To show that the denial of services was "'by reason of' Plaintiff's disability, Plaintiff must show that the denial was intentional." *E.M. ex rel. Guerra v. San Benito Consol. Indep. Sch. Dist.*, 374 F.Supp.3d 616, 624 (S.D. Tex. 2019) (citing *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002)). While the Fifth Circuit has not yet defined the intentionality requirement, the cases that have touched on the issue have required something more than deliberate indifference. *J.W. v. Paley*, 81 F.4th 440, 449-50 (5th Cir. 2023) (citing *Cadena v. El Paso County*, 946 F.3d 717, 724 (5th Cir. 2020)). For a failure-to-accommodate claim, "intentional discrimination requires at

least actual knowledge that an accommodation is necessary." *Paley*, 81 F.4th at 450 (citing *Smith*, 956 F.3d at 319). A plaintiff may "ordinarily satisfy the knowledge element by showing that they identified their disabilities as well as the resulting limitations to a public entity or its employees and requested an accommodation in direct and specific terms." *K.R. ex rel. Shannon*, 2025 WL 3265486, at *5 (citing *Smith*, 956 F.3d at 317) (cleaned up). And, if Plaintiff "fail[ed] to request an accommodation in this manner, he can prevail only by showing that the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent' to the entity's relevant agents." *Id.* (cleaned up).

### 5.   Section 504 of the Rehabilitation Act

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …[.]

29 U.S.C. § 794(a).

Analysis under Section 504 of the Rehabilitation Act follows that of Title II of the ADA above. "The RA is operationally identical to the ADA in that both statutes prohibit discrimination against disabled persons; however, the ADA applies only to public entities while the RA applies to any federally funded programs or activities, whether public or private." *Lathan*, 2017 WL 7037704, at *3 (citing *Borum v. Swisher County*, No. 2:14-CV-127-J, 2015 WL 327508, at *3 (N.D. Tex. Jan. 26, 2015)). As such, "[c]ourts utilize the same standards in analyzing claims under both the ADA and RA." *Id.* (citing *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011)).

The main difference between Title II of the ADA and Section 504 of the RA is the causation requirement. "Section 504 requires that the plaintiff's disability be the 'sole reason' for the

exclusion or denial of benefits, but the ADA's standard is less stringent." *Paley*, 81 F.4th at 449 (citing *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)).

### 6. State Law Claims

Plaintiff brings various claims which appear to be based on Texas state law, including medical fraud and billing violations, gross negligence, defamation and perjury, and corporate liability under the theory of respondeat superior. (Dkt. No. 19 at 3-4).

When a federal court has original jurisdiction over a claim, the district court may also extend supplemental jurisdiction over state law claims that are so related such that "they form part of the same case or controversy." *Shields Doe v. Port Arthur Indep. Sch. Dist.*, No. 1:24-CV-171, 2025 WL 2625566, at *11 (E.D. Tex. Sept. 10, 2025) (citing 28 U.S.C. § 1367). However, the district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. *Id.* (citing 28 U.S.C. § 1367(c)(3)). "So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Id.* (quoting *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025)). As such, "the general rule [is] that 'a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Id.* (quoting *Heggemeier v. Caldwell County*, 826 F.3d 861, 872-73 (5th Cir. 2016)) (alteration in original).

Accordingly, because the Court concludes that all of Plaintiff's federal claims should be dismissed, and in the absence of any other basis for subject matter jurisdiction, the District Court should decline to exercise supplemental jurisdiction over the state law claims, regardless of whether Plaintiff has stated a valid claim for relief. *See Shields Doe*, 2025 WL 2625566, at *11

11

(declining supplemental jurisdiction on state law claims where the court dismissed § 1983 and ADA claims under Rule 12(b)(6)).

### B.    Plaintiff's Claims

#### 1.    Investigator Lopez

Plaintiff claims on May 17, 2023, he was detained by Edinburg Police while attempting to report an assault in which he was the victim. (Dkt. No. 19 at 2). Specifically, Plaintiff claims Investigator Lopez "failed to record an affidavit, ignored evidence and witness accounts, and refused to accommodate Plaintiff's visual disability." (*Id.*).

Of Plaintiff's various claims, this claim against Investigator Lopez actually contains an offense date. However, the statute of limitations for a § 1983 claim in Texas is two years. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (noting the applicable statute of limitations for a § 1983 claim in Texas is two years). Here, Plaintiff filed his application to proceed *in forma pauperis* on June 27, 2025, which was subsequently granted on July 21, 2025, and followed by Plaintiff's Complaint on July 22, 2025. (*See Application to Proceed In Forma Pauperis*, Case No. 7:25-mc-00142; *see also* Dkt. Nos. 1, 2). Thus, Plaintiff's claims fall just outside of the two-year statute of limitations period and are time-barred.

Moreover, if Plaintiff seeks liability against Investigator Lopez for failing to investigate or prosecute an individual, such claims are not cognizable under § 1983 because there is no constitutional right to have another person investigated or prosecuted and should be dismissed. *See Morrison v. Dall. Cnty. Sex Trafficking Task Force*, No. 3:23-CV-2046-N-BH, 2023 WL 9231399, at *5 (N.D. Tex. Dec. 6, 2023) ("Any claims for criminal investigation and prosecution should be dismissed for failure to state a claim."), *report and recommendation adopted*, 2024 WL 150506 (N.D. Tex. Jan. 12, 2024); *Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir. 2021)

12

("[V]ictims of crime do not have a cognizable interest in the investigation or prosecution of others.").

Similarly, insofar as Plaintiff meant to bring claims against Investigator Lopez under Title II of the ADA or the RA, such claims are not available against individual defendants. *See Keith v. Tex. Tech Med. Ctr.*, 2:24-CV-00010-Z-BR, 2024 WL 5112762, at *5 (N.D. Tex. Nov. 22, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 5113192 (N.D. Tex. Dec. 13, 2024).

Accordingly, claims against Investigator Lopez should be dismissed.

### 2.    City of Edinburg

Plaintiff claims the City of Edinburg failed to correct or supervise the acts of its employees, which fostered a pattern of abuse.  (Dkt. No. 19 at 3).

First, Plaintiff fails to identify any custom or policy that could foster liability against the City of Edinburg under Monell, nor does he make any attempt to do so.  Plaintiff's complaints appear to solely encompass the individual alleged acts of the City's employees, and Plaintiff may not hold the City of Edinburg vicariously liable based on the theory of respondeat superior under *Monell. See Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018) ("A municipality cannot be held liable under § 1983 on a theory of respondeat superior."); *Monell*, 436 U.S. at 691.  Thus, Plaintiff fails to state a claim under *Monell*.

On the other hand, Title II of the ADA and Section 504 of the Rehabilitation Act do provide for vicarious liability. *See Paley*, 81 F.4th at 449 ("[A] plaintiff need not identify an official policy to sustain a claim against a public entity as it may be held vicariously liable for the acts of its employees under either [the ADA or RA].").  Thus, Plaintiff could plausibly hold the City of

Edinburg liable under these provisions for the acts of the City's employees.  Nevertheless, Plaintiff fails to state a claim under either provision.

First, Plaintiff claims Investigator Lopez failed to accommodate his visual disability.  (Dkt. No. 19 at 2).  Second, Plaintiff claims Sergeant Rodriguez and Officer Pena denied Plaintiff services despite repeated requests.  (*Id.* at 3).  Third, Plaintiff claims Angela Valladares obstructed Plaintiff's access to medical records and care, which Plaintiff argues violates ADA standards.  (*Id.* at 3).

At the preliminary level, Plaintiff's claims in general are simply insufficient to survive dismissal. Plaintiff includes no details or facts that expand on the alleged ADA and RA violations. This, alone, warrants dismissal. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678 (noting that the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

However, even if sufficient facts were included in Plaintiff's pleadings, Plaintiff makes no insinuation that he was "excluded from participation or denied meaningful access to services, programs, or activities[.]" *Lathan*, 2017 WL 7037704, at *3.  Moreover, Plaintiff fails to state a claim because he is unable to show that he was denied such access to services *because of his disability.  See Delano-Pyle*, 302 F.3d at 574 ("A plaintiff asserting a private cause of action for violations of the ADA or the RA may only recover compensatory damages upon a showing of intentional discrimination.").  Plaintiff makes no claim that he was denied any service *because of his disability*, and this claim must fail.

Accordingly, claims against the City of Edinburg should be dismissed.

14

3.    Jorge Moreno

Plaintiff claims Sergeant Moreno "used excessive force during a separate incident on May 27, 2023, aggravating Plaintiff's visual impairment. (Dkt. No. 19 at 3).

The Fifth Circuit has found that "the use of excessive force to apprehend a subject implicates the Fourth Amendment's guarantee against unreasonable seizures." *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997). To make out a claim of excessive force, Plaintiff must show: "(1) [an] injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Walcotte v. Wicks*, No. C-08-323, 2009 WL 1373601, at *3 (S.D. Tex. May 15, 2009) (citing *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007)). In considering whether an officer used excessive force, the court should pay "careful attention to the facts and circumstances of each particular case[.]" *Graham v. Connor*, 490 U.S. 386, 396 (1989). Factors to be considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). Further, the reasonableness of the force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)).

At the outset, Plaintiff's claims against Sergeant Moreno are impermissibly vague. While Plaintiff asserts excessive force against Sergeant Moreno, Plaintiff does not identify any details to the altercation whatsoever, other than utilizing the term "excessive force" and noting an offense date. This will not suffice. *See Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 469 (5th Cir. 2016) ("We take the well-pleaded factual allegations in the complaint as true, but we do not credit conclusory allegations or allegations that merely restate the legal elements of a claim.").

However, even if the Court could look past this fatal flaw, Plaintiff's claim still fails, for the same reason as the claim against Investigator Lopez (*See supra* Section II(B)(1)) because it is barred by the applicable statute of limitations. *See Ali*, 892 F.2d at 439.

Accordingly, claims against Sergeant Moreno should be dismissed.

### 4. Sergeant Rodriguez

Plaintiff claims Sergeant Rodriguez neglected to file reports and denied Plaintiff services despite repeated requests. (Dkt. No. 19 at 3).

Here, Plaintiff's claims against Sergeant Rodriguez are factually insufficient. Plaintiff does not identify which reports he sought to file, which were neglected, or when this interaction occurred. While Plaintiff is afforded the benefit of liberal construction, this is insufficient to survive dismissal. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678.

Similarly, insofar as Plaintiff takes issue with the lack of reports filed in pursuit of criminal investigation or prosecution, as noted, such claims are not actionable under § 1983 and must be dismissed. *See Morrison*, 2023 WL 9231399, at *5; *Lefebure*, 15 F.4th at 657.

Finally, if Plaintiff intended on pursuing claims under Title II of the ADA or Section 504 of the RA against Sergeant Rodriguez, those provisions do not apply to individual defendants and must be dismissed with regard to Sergeant Rodriguez. *See Keith*, 2024 WL 5112762, at *5.

Accordingly, claims against Sergeant Rodriguez should be dismissed.

### 5. Officer Daniel Pena

Plaintiff claims Officer Pena neglected to file reports and denied Plaintiff services despite repeated requests. (Dkt. No. 19 at 3).

Here, Plaintiff's claims against Officer Pena are factually insufficient. Plaintiff does not identify which reports he sought to file, which were neglected, or when this interaction occurred.

16

While Plaintiff is afforded the benefit of liberal construction, this is insufficient to survive dismissal. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678.

Similarly, insofar as Plaintiff takes issue with the lack of reports filed in pursuit of criminal investigation or prosecution, as noted, such claims are not actionable under § 1983 and must be dismissed. *See Morrison*, 2023 WL 9231399, at *5; *Lefebure*, 15 F.4th at 657.

Finally, if Plaintiff intended on pursuing claims under Title II of the ADA or Section 504 of the RA against Officer Pena, those provisions do not apply to individual defendants and must be dismissed with regard to Officer Pena. *See Keith*, 2024 WL 5112762, at *5.

Accordingly, claims against Officer Pena should be dismissed.

6.    Detective Orlando Garcia

Plaintiff claims Detective Garcia failed to properly investigate Internal Affairs complaints and contributed to the obstruction of justice. (Dkt. No. 19 at 3).

These claims, too, are factually insufficient to pass muster. Plaintiff provides no details regarding the failure to properly investigate, the subject matter of the investigation, or the date of the incident. This claim may fail on this ground alone. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678.

Even if the facts were sufficient, this claim fails under § 1983 because Plaintiff has no constitutional right to investigate or prosecute another person. *See Morrison*, 2023 WL 9231399, at *5; *Lefebure*, 15 F.4th at 657.

Accordingly, claims against Detective Orlando Garcia should be dismissed.

17

7.    Dr. Gustavo Villegas

Plaintiff claims Dr. Villegas "engaged in fraudulent billing and failed to provide adequate care over a multi-year period." (Dkt. No. 19 at 3).

At the outset, Plaintiff's claims against Dr. Gustavo Villegas are too vague to survive dismissal. Plaintiff does not provide any specific details other than the generalized frustration with billing and care over an extended period of time. This, again, will not suffice. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678.

Moreover, Plaintiff provides no details with regard to Dr. Gustavo Villegas that may allow the Court to exercise subject matter jurisdiction over the claims. (*See supra* Section II(A)(6) (declining to exercise supplemental jurisdiction over state law claims).

Accordingly, claims against Dr. Gustavo Villegas should be dismissed.

8.    Angela Valladares

Plaintiff claims Angela Valladares obstructed Plaintiff's access to medical records and care, which Plaintiff argues violates ADA standards. (Dkt. No. 19 at 3).

The claims against Angela Valladares are factually insufficient as well. Plaintiff provides no details regarding the alleged obstruction, when it occurred, nor how it falls under the scope of Title II discrimination. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678. This claim must fail.

Further, Plaintiff provides no grounds for the Court to exercise subject matter jurisdiction over this claim, and the Court recommends dismissal of state law claims. (*See supra* Section II(A)(6) (declining to exercise supplemental jurisdiction over state law claims).

Finally, even if the claims could survive the pleading requirements, which they cannot, an ADA claim is not available against an individual defendant. *See Keith*, 2024 WL 5112762, at *5.

Accordingly, claims against Angela Valladares should be dismissed.

9. Juarez Pablo

Plaintiff claims Juarez Pablo filed a false police report against Plaintiff, which resulted in adverse legal action. (Dkt. No. 19 at 3).

This claim is factually insufficient. Plaintiff omits any details regarding this alleged offense. Plaintiff does not include an offense date, what the context of the interaction was, or how Juarez Pablo's alleged police report was false. This claim must fail. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678.

Similarly, while the Court recommends dismissal of any and all state law claims (*See supra* Section II(A)(6) (declining to exercise supplemental jurisdiction over state law claims), to the extent that Plaintiff seeks a claim of perjury, "neither federal nor state law provides a private cause of action for such a claim." *Bey v. Delgado*, No. 3:23-cv-00454-B-BT, 2023 WL 8262702, at *3 (N.D. Tex. Nov. 6, 2023), *report and recommendation adopted*, 2024 WL 846253 (N.D. Tex. Feb. 27, 2024) (citing *Graneto v. Humpert*, No. 3:23-CV-76-G-BK, 2023 WL 1973231, at *1 (N.D. Tex. Jan. 17, 2023), *report and recommendation adopted*, 2023 WL 1972008 (N.D. Tex. Feb. 13, 2023)).

Accordingly, claims against Juarez Pablo should be dismissed.

10. Doctors Hospital at Renaissance Ltd.

Plaintiff claims Doctors Hospital at Renaissance Ltd. failed to correct and supervise the acts of its employees, which fostered a pattern of abuse. (Dkt. No. 19 at 3).

In following suit, Plaintiff's claims against Doctors Hospital at Renaissance are accompanied with no factual support. Plaintiff does not explain what acts of its employees should

force liability, when they occurred, nor how they constituted a pattern of abuse. This simply will not do. *See Chhim*, 836 F.3d at 469; *see Ashcroft*, 556 U.S. at 678.

Similarly, Plaintiff fails to identify grounds for subject matter jurisdiction over these purported state law claims and the Court recommends dismissal of any state law claims. (*See supra* Section II(A)(6) (declining to exercise supplemental jurisdiction over state law claims).

Accordingly, the claims against Doctors Hospital at Renaissance should be dismissed.

### C.    Additional Motions

#### 1.    Motion for Criminal Investigation

Plaintiff filed Motion for Criminal Investigation on August 12, 2025. (*See* Dkt. No. 7). Therein, Plaintiff requests the Court refer this matter to the United States Department of Justice, Criminal Division, Public Integrity Section; Federal Bureau of Investigation, White Collar Crime Division (Houston Field Office); Texas Rangers, Public Integrity Unit; and Texas Attorney General's Office, Criminal Investigations Division. (*Id.* at 2).

As mentioned, Plaintiff does not have the right to have another individual criminal investigated or prosecuted. *See Morrison*, 2023 WL 9231399, at *5; *Lefebure*, 15 F.4th at 657. Regardless, because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 7) should be dismissed.

#### 2.    Motion for Service of Process by the United States Marshal

Plaintiff filed Motion for Service of Process by the United States Marshal on December 9, 2025. (*See* Dkt. No. 20). Therein, Plaintiff asks the Court to enter an order directing the United States Marshals Service to serve the summons and complaint on the listed defendants in accordance with Federal Rule of Civil Procedure 4. (*Id.* at 1).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 20) should be denied as moot.

3.    Motion for ADA Reasonable Accommodation and for Procedural Safeguards for Disabled Pro Se Litigant

Plaintiff filed Motion for ADA Reasonable Accommodation and for Procedural Safeguards for Disabled Pro Se Litigant on December 9, 2025. (*See* Dkt. No. 21).  Plaintiff specifically requests (1) authorization to correct any filings deficiencies arising from disability-related limitations, like caption errors, formatting irregularities, or missing attachments; (2) procedural flexibility allowing simplified pleadings, liberal construction, and accessibility assistance from the Clerk's Office as needed; (3) extensions of time under Rule 6(b) for any deadlines impacted by Plaintiff's disability and reduced access to transportation or assistive technology; and (4) recognition that all pro se filings by Plaintiff shall be interpreted liberally. (*Id.* at 1-2).

While Plaintiff's filings are afforded liberal construction, because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 21) should be denied as moot.

4.    Motion for Liberal Construction of Pro Se Filings

Plaintiff filed Plaintiff's Motion for Liberal Construction of Pro Se Filings on December 9, 2025. (*See* Dkt. No. 22).  Therein, Plaintiff, again, requests that his filings be interpreted with the liberal construction standard established by the Supreme Court and federal statutes. (*Id.* at 4).

As noted, Plaintiff's filings are interpreted using liberal construction; however, because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 22) should be denied as moot.

5.     Motion for Special Appearance to Challenge Jurisdiction and to Proceed Under the Alias "Don Doe"

Plaintiff filed Motion for Special Appearance to Challenge Jurisdiction and to Proceed Under the Alias "Don Doe" on December 9, 2025. (*See* Dkt. No. 23). Plaintiff specifically requests the Court (1) permit a special appearance solely to challenge personal jurisdiction; and (2) allow Plaintiff to proceed under the alias "Don Doe" due to compelling privacy and safety concerns. (*Id.* at 1-2).

Though curious minds may wonder why Plaintiff seeks to challenge the personal jurisdiction of the Court in a case he initiated himself, the Court ultimately recommends dismissal of Plaintiff's Complaint, and this Motion (Dkt. No. 23) should be denied as moot.

6.     Plaintiff's Motion to Compel Discovery

Plaintiff filed Plaintiff's Motion to Compel Discovery on December 9, 2025. (*See* Dkt. No. 24). Therein, Plaintiff claims the Defendants have engaged in unlawful investigative practices and/or failed to provide adequate disclosures relevant to this matter, including but not limited to investigative files, reports, and records. (*Id.* at 2). Thus, Plaintiff seeks an order compelling full production of such materials. (*Id.*).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 24) should be denied as moot.

7.     Motion for Subpoena Duces Tecum

Plaintiff filed Motion for Subpeona [sic] Duces Tecum on December 9, 2025. (*See* Dkt. No. 25). Therein, Plaintiff appears to inadvertently request records from the Pharr Police Department, the subject of separate litigation initiated by Plaintiff (Cause No. 7:25-cv-00362). (*Id.* at 1). Plaintiff then requests production of reports, body/dash cam footage, and "other materials

22

identified in Plaintiff's exhibit list, relevant to claims of officer misconduct, neglect, and civil rights violations[,]" from the Edinburg Police Department. (*Id.*).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 25) should be denied as moot.

### 8.    Motion to Consolidate Cases Pursuant to Rule 42(a)

Finally, Plaintiff filed Motion to Consolidate Cases Pursuant to Rule 42(a) on December 9, 2025. (*See* Dkt. No. 26).  Plaintiff seeks to consolidate this Action (Cause No. 7:25-cv-00363) with Civil Action No. 7:25-cv-00362, claiming they arise from the same operative facts, involve common legal issues, and seek similar relief under federal civil rights statutes. (*Id.* at 2).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 26) should be denied as moot.

## III.    **CONCLUSION**

### *Recommended Disposition*

After careful review of the filings and relevant case law, and for reasons outlined above, it is recommended that Plaintiff's Complaint be **DISMISSED** as follows:

(1) Plaintiff's claims brought under 42 U.S.C. § 1983 should be **DISMISSED with prejudice** for failure to state a claim;

(2) Plaintiff's claims brought against the municipality under *Monell* should be **DISMISSED with prejudice** for failure to state a claim;

(3) Plaintiff's claims brought under Title II of the ADA and Section 504 of the RA should be **DISMISSED with prejudice** for failure to state a claim; and

(4) Any and all claims brought under Texas state law should be **DISMISSED without prejudice**.[4]

It is further recommended that Plaintiff's Motion for Criminal Investigation (Dkt. No. 7), Motion for Service of Process (Dkt. No. 20), Motion for ADA Accommodation (Dkt. No. 21), Motion for Liberal Construction of the Filings (Dkt. No. 22), Motion for Special Appearance and Process Under an Alias (Dkt. No. 23), Motion to Compel Discovery (Dkt. No. 24), Motion for Subpoena Duces Tecum (Dkt. No. 25), and Motion to Consolidate cases (Dkt. No. 26), all be **DENIED as moot**.

It is further recommended that the matter be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual

---

[4] *See Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 184 (5th Cir. 2020) (finding that state law claims dismissed where district court declined to exercise supplemental jurisdiction should have been dismissed without prejudice); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (concluding that such claims "should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court.").

findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall also provide a copy of this Order to Plaintiff and Counsel for Defendants.

**DONE** at McAllen, Texas, this 3rd day of March 2026.

Juan F. Alanis
United States Magistrate Judge